IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **KENNEDY MINNIFIELD, #130651,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-1044-WKW |
| | ) | |
| **BULLOCK COUNTY JAIL,** *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

COMES NOW Curtis Pritchett, Jail Administrator of the Bullock County Jail, the Defendant in the above-styled cause, and responds to the Complaint filed by Plaintiff in the above-styled cause and states as follows:

1.   Plaintiff brings his suit under 42 U.S.C. § 1983 and claims that his Constitutional rights were violated by Defendant.[1]  More specifically, as a convicted prisoner, the Plaintiff alleges that his Constitutional rights have been violated in that he was subjected to overcrowding, lack of security, inadequate medical attention and mental heath care, dangerous conditions resulting from location of the television, lack of "store or canteen," inadequate food, lack of head count, denial of access to the courts based upon an alleged failure of the jail to provide a law library, lack of exercise opportunity, lack of religious services, and inattention of jail staff to their duties due to television.

2.   Defendant admits that the Plaintiff was incarcerated at the Bullock County Jail from October 27, 2006 to November 7, 2006.

---

[1] The following statement of the issues and claims made by Plaintiff are based upon Plaintiff's Complaint and the undersigned's interpretation of the issues raised.  If other issues are presented, Defendant generally denies any such allegations as being untrue and completely without basis in law or fact.

1

3.      Defendant denies the remaining allegations and inferences in the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant did not deprive Plaintiff of any Constitutional right to which he is entitled.

2.      Any claims against Defendant in his official capacity are barred by the Eleventh Amendment and because Defendant is not a "person" under 42 U.S.C. § 1983.

3.      Defendant is entitled to qualified immunity in his individual capacity.

4.      The Plaintiff's claims are barred due to the Plaintiff's failure to exhaust all available state remedies.

5.      Defendant reserves the right to add additional defenses upon a complete investigation of Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or allowed by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to enter judgment in his favor and grant unto him costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted on this the 23rd day of January, 2007.

                **s/Scott W. Gosnell**
                SCOTT W. GOSNELL, Bar Number: GOS002
                Attorney for Defendant Curtis Pritchett
                WEBB & ELEY, P.C.
                7475 Halcyon Pointe Road
                P.O. Box 240909
                Montgomery, Alabama 36124
                Telephone: (334) 262-1850
                Fax: (334) 262-1889
                E-mail: sgosnell@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and served the following by U.S. Mail:

> Kennedy Minnifield
> Inmate Identification Number 130651
> Holman Unit 3700
> Atmore, Alabama  36503

> **s/Scott W. Gosnell**
> OF COUNSEL